IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOLA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10CV518-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Lola Davis brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3)

seeking judicial review of a decision by the Commissioner of Social Security

("Commissioner") denying her application for a period of disability and disability insurance

benefits under Title II of the Social Security Act.  The parties have consented to entry of final

judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record

and briefs submitted by the parties, the court concludes that this action is due to be reversed

and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff Lola Davis was born on November 28, 1948, and was sixty-one years old at

the time of the ALJ's decision.  She obtained a GED in 1975 and worked at Phillips Van

Heusen Corporation in Ozark, Alabama, from 1986-2005 as a supervisor in the Finishing

Department.  On February 14, 2008, plaintiff filed an application for a period of disability

and disability insurance benefits, pursuant to Title II of the Social Security Act.  She alleged

disability since June 1, 2006, due to degenerative disc disease which resulted in pain in her back, neck and legs and numbness and weakness in her arms. (R. 92-96, 111-23, 160). In May 2008, she reported to her primary care physician, Dr. David Arnold, that she was experiencing problems with her memory. Dr. Arnold ordered comprehensive laboratory testing, the results of which he found to be normal, and scheduled plaintiff for follow-up in three months. (R. 352-56). In February 2009, plaintiff told Dr. Arnold that she was confused and disoriented at times and that she had become lost when going home a few days previously. (R. 345). Dr. Arnold again ordered lab work. He found that all results were normal, except that plaintiff's B-12 levels were "significantly low." He recommended weekly B-12 injections for a period of one month and monthly injections thereafter, and also recommended that plaintiff have a brain scan. (R. 344). The brain MRI revealed a minimal amount of ethmoid sinusitis, a "questionable finding of a possible minimal amount of left mastoiditis," and a "slight degree of cerebellar and cerebral atrophy, no[t] entirely unusual for patient's age." The MRI was otherwise unremarkable. (R. 433-34).

In August 2009, plaintiff reported that she continued to have memory problems, and was forgetting conversations and losing her car keys. (R. 378-79). Dr. Arnold referred plaintiff to Dr. Sher Ghouri, a neurologist, for evaluation. Plaintiff reported a two-year history of memory loss, which had worsened progressively. Dr. Ghouri's initial assessment was "[m]inimal cognitive impairment," which he stated could be due to her B-12 deficiency or to "attention and concentration issues." Dr. Ghouri noted that plaintiff's complaints of

2

memory loss were "out of proportion than the deficit documented on MMSE scores," which were 28/30.  Dr. Ghouri performed an EEG, which was normal.  (R. 383-86).  Plaintiff returned to Dr. Ghouri for follow-up on September 14, 2009.  Dr. Ghouri reviewed the results of the EEG and other lab results. Dr. Ghouri assessed "[m]inimal cognitive impairment – could be due to B-12 deficiency."  He stated that, "[a]t this time there is not enough impairment of cognition noted to make a definite diagnosis of dementia." (R. 382). He further noted that "[s]ometimes B-12 deficiency can take a long time to improve the memory and at the same time it may not improve and the deficit could be permanent." (R. 381). He advised plaintiff to continue with B-12 supplements and to return for reevaluation if her forgetfulness worsened. (R. 382).

At the administrative hearing on November 10, 2009, plaintiff testified that she had experienced memory loss for "a good while now" which continued to get worse until "one day [she] forgot [her] way home."  She testified that her memory was "some better, but not to where [Dr. Arnold] wanted it" after six monthly B-12 shots, and that Dr. Arnold had increased her B-12 to two shots each month. (R. 35-36).  Plaintiff testified that she continues to see Dr. Arnold every three to four months and that "[m]ost of the time lately he's adjusted [her] medication and tr[ied] to help [her] with memory loss." (R. 27).

On December 8, 2009, the ALJ issued a decision concluding, at step four of the sequential analysis, that plaintiff "is capable of performing past relevant work as a general supervisor" and is not, therefore, under a disability as defined by the Social Security Act.

(R. 16).  The ALJ analyzed the evidence regarding plaintiff's memory loss and concluded that it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities" and, therefore, that it is "non-severe."  (R. 12-13).[1]

On December 18, 2009, plaintiff requested review of the ALJ's decision. (R. 5).  A month later, on January 27, 2010, plaintiff returned to Dr. Arnold for treatment.  Dr. Arnold assessed pernicious anemia, osteoarthritis, lumbar degenerative disc disease, memory loss and dementia.  He stated that plaintiff's "ability to carry out normal physical activities is severely limited."  He further concluded that "her memory issues are improved but . . . her short term memory problems make her unable to perform normal supervisory activities and manage work situations."  Dr. Arnold expressed his opinion that plaintiff's condition is not likely to improve and is expected to last more than twelve months and, also, that plaintiff "is unable to perform any type of work activity" and "is unable to participate in any type of gainful employ[]ment."  (Doc. 11-1, attachment to plaintiff's brief).  Plaintiff submitted the January 2010 treatment note including Dr. Arnold's opinion to the Appeals Council on February 23, 2010, along with a cover letter thanking the Appeals Council "for allowing additional time to submit this evidence."  (Id., see cover letter and facsimile transmission confirmation).

On April 19, 2010, the Appeals Council denied plaintiff's request for review.  (R. 1-4).  The Appeals Council did not consider Dr. Arnold's opinion in reaching its decision on

---

[1]  The ALJ noted the vocational expert's testimony that plaintiff "would have transferable skills from her past work to other work," but she made no alternative step five finding. (See R. 16).

4

the merits.  (See R. 1("In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council) and R. 4 (order listing January 2009 records from Southeast Alabama Medical Center, submitted to the Commissioner on February 3, 2010, and omitting any reference to the January 27, 2010 treatment record)).  There is no indication in the record or in the briefs of the parties that the Appeals Council reviewed the evidence at all, even to determine whether it was material to the pending request for review.

## DISCUSSION

Plaintiff contends that this action is due to be remanded because the Appeals Council "did not consider the new evidence from the claimant's treating physician that attests to her inability to do supervisory work due to memory problems." (Plaintiff's brief, p. 6).[2]  Plaintiff has presented evidence to this court – unchallenged by the Commissioner – that she submitted the January 2010 medical record containing Dr. Arnold's opinion to the Appeals Council on February 23, 2010.  The cover letter transmitting the record indicates that the Appeals Council granted plaintiff "additional time to submit this evidence." (Doc. # 11-1). The Commissioner does not contend that the submission to the Appeals Council was untimely, nor has he offered evidence that the Appeals Council did not receive the additional records.  The evidence attached to plaintiff's brief demonstrates that plaintiff submitted this additional evidence to the Appeals Council properly and the Commissioner does not argue

---

[2]  Plaintiff's argument with regard to Dr. Arnold's opinion appears to rest primarily, if not exclusively, on Dr. Arnold's assessment of her memory problems.  The court has not, accordingly, summarized the record regarding plaintiff's musculoskeletal impairments.

otherwise.  Rather, the Commissioner argues that "[p]laintiff's additional claim that remand is necessary to consider new evidence from David Arnold, M.D., is unavailing and must fail" because: (1) "the only issue before this Court is whether the ALJ's decision is supported by substantial evidence and free of legal error;"[3] (2) since Dr. Arnold's opinion is not contained within the certified record, the court may not consider it;[4] and (3) "even if Dr. Arnold's opinion that Plaintiff was unable to perform any type of work activity was part of the record, it would not be entitled to any special significance since it was on an issue reserved to the Commissioner" and, therefore, "there is no reasonable possibility that this evidence would have changed the administrative result."  (Commissioner's brief at pp. 5-6).[5, 6]

---

[3]  The court is tasked with reviewing the Commissioner's final decision; that review is not limited to the ALJ's decision but extends, also, to the decision of the Appeals Council. Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1262-66 (11th Cir. 2007); see also Sneed v. Barnhart, 214 Fed. Appx. 883, 885 (11th Cir. 2006)("Because the Appeals Council's refusal to consider the submission of new evidence before denying review amounts to an error of law, that decision is subject to judicial review.")(citation omitted).

[4]  As noted above, the Commissioner has not argued or demonstrated that it did not receive Dr. Arnold's January 2010 treatment note or that plaintiff submitted it outside of the time period allowed by the Appeals Council.  Accordingly, while the exhibit attached to plaintiff's brief is not included in the certified administrative transcript that the Commissioner filed with the court, it should have been.  Cf. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1067 (11th Cir. 1994)("Each successive appeal contributes to the administrative process and, we believe, the administrative record... . We find that the administrative process continues when a claimant seeks review of an ALJ decision. Accordingly, we hold that new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review."). Thus, to the extent that the Commissioner contends that the court may not consider the exhibit attached to plaintiff's brief for any purpose, the court cannot agree.

[5]  Dr. Arnold's opinion was not limited to his broad pronouncement that plaintiff is "unable to perform any type of work activity." (Doc. # 11-1).  Plaintiff's treating physician also diagnosed dementia and offered his opinion that plaintiff's "memory issues are improved but . . . her short term memory problems make her unable to perform normal supervisory activities[.]" (Id). While the

6

The Commissioner's regulations provide that, on review, "[t]he Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.976(b). Implicit in this regulatory mandate is a requirement that the Appeals Council evaluate *all* of the evidence a claimant submits properly on review and make a threshold determination regarding whether the evidence is new, material, and chronologically relevant. See 20 C.F.R. § 404.976(b)(if Appeals Council finds that evidence submitted to the Appeals Council does not relate to the time period on or before the date of the ALJ's decision, it will return evidence to the plaintiff

---

Commissioner might reject this opinion on legitimate grounds, the court cannot conclude that it is, as a matter of law, immaterial.

    [6] In support of his "new evidence" argument, the Commissioner cites Vega v. Commissioner of Social Security, 265 F.3d 1214 (11th Cir. 2001). (Commissioner's brief, pp. 4-6). The Commissioner's reliance on Vega suggests that the Commissioner believes that the sentence six "new evidence" standard governs the court's consideration of Dr. Arnold's January 2010 treatment note. Under the plain language of the judicial review provision of the statute, however, the court may not order a sentence six "new evidence" remand without a showing "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991)("Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the [Commissioner's] decision, but only if the claimant shows good cause for failing to present the evidence earlier."). In the circumstances of this case, it would defy logic to require the claimant to demonstrate good cause for *the Commissioner's* failure to incorporate the evidence into the record. Additionally, evidence submitted properly by a claimant at the administrative level is not "new evidence" within the meaning of sentence six, even if the Commissioner failed to consider it or to incorporate it into the record. See Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)("The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding.").

7

"with an explanation as to why it did not accept the additional evidence if it finds that the evidence); see also HALLEX I-3-5-20 ("The Appeals Council only evaluates evidence that is not new and material to the period through the date of the ALJ hearing decision to the extent necessary to determine that it is not new and material.").[7]  In its denial notice in the present case, the Appeals Council makes no reference to the January 2010 evidence from Dr. Arnold.  (See R. 1-4).

In reviewing the Commissioner's decision, the court is required to defer to the Commissioner's factual findings and scrutinize closely his legal conclusions.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)(citations omitted).  "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Id. at 1145-46 (citation omitted). The court cannot conclude, on the present record, that the Appeals Council made the required threshold determination that the evidence was not new and material or, indeed, that it reviewed plaintiff's evidentiary submission at all.  Because the Appeals Council's decision lacks any basis for determining that the Appeals Council

---

[7] The court does not here decide whether the HALLEX creates rights which may be enforced judicially – a subject of some debate (see Cohan v. Commissioner of Social Security, 2011WL 3319608 (M.D. Fla. Jul. 29, 2011)(discussing cases) – because, as noted above, the requirement for a threshold evaluation is implicit in the Commissioner's regulation.  Consistent with this implied requirement, HALLEX I-3-5-20 directs the Appeals Council analyst who evaluates additional evidence submitted by a claimant on review and finds it to be not new and/or not material to "provide language for the denial notice" explaining why the evidence is not material and, for evidence that is not "new," describing how the submitted evidence duplicates evidence already of record.

conducted the required legal analysis of Dr. Arnold's January 2010 treatment note and opinion, the Commissioner's decision is due to be reversed.[8]

## CONCLUSION

For the foregoing reasons, it is

ORDERED that the administrative transcript is hereby supplemented to include the evidence attached to plaintiff's brief, which the Commissioner erroneously omitted from the certified transcript. Further, the court concludes that the decision of the Commissioner is due to be REVERSED, and this action REMANDED to the Commissioner for further proceedings consistent with this Memorandum Opinion. A separate judgment will be entered.

DONE, this 29th day of August, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF  UNITED  STATES  MAGISTRATE  JUDGE

---

[8]  In view of this conclusion, the court does not address the remaining issues raised by plaintiff.  The court expects that the Commissioner will consider plaintiff's arguments as to these issues on remand.